UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ANNIE HESTER,

Case No. 20-mc-51004
HON. DENISE PAGE HOOD

_____/

## ORDER DENYING APPLICATION PURSUANT
## TO COURT ORDER SEEKING LEAVE TO FILE COMPLAINT
## and
## CLOSING MISCELLANEOUS MATTER

Plaintiff Annie Hester again seeks permission for leave to file a complaint pursuant to a court order dated September 2, 2009 entered by the Honorable Thomas L. Ludington barring Plaintiff "from filing any further actions against the Commissioner for Social Security in this district unless she obtains the written permission of a judge of this district." (Case No. 08-14575, ECF No. 15)[1] Prior to this Petition, Plaintiff has filed or has sought to file more than thirty complaints.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see

---

[1] Plaintiff also attached Judge Linda V. Parker's Order in Case No. 19-50526 denying Plaintiff permission to file an action and requiring the Chief Judge to review any such request. However, Judge Thomas L. Ludington's Order in Case No. 08-14575 only requires written permission from "a judge" of this district. There is no requirement in the Rules of Civil Procedure or the Local Rules that only the Chief Judge is able to grant or deny permission to file a complaint from an enjoined litigant, which many judges have done in Plaintiff's numerous applications.

also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

Plaintiff did not file a proposed Complaint with this application. Plaintiff claims that the Court has no authority to issue a pre-filing requirement to seek permission to file a complaint. Plaintiff asserts that the Court must direct the United States Marshal to serve the pleadings. As set forth above, the Court has the authority to issue pre-filing requirements. Plaintiff's allegations are frivolous and fail to state a claim upon which relief can be granted. See *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987).

Accordingly,

IT IS ORDERED that Plaintiff's Application Pursuant to Court Order Seeking Leave to File a Complaint **(ECF No. 1)** is DENIED and this matter is deemed CLOSED on the docket.

s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge

DATED: July 8, 2021